1
HAGENS BERMAN SOBOL SHAPIRO LLP
REED KATHREIN (139304)
2
JEFF FRIEDMAN (173886)
SHANA SCARLETT (217895)
3
425 Second St. Suite 500
San Francisco, CA 94107
4
Telephone: (415) 896-6300
Facsimile:  (415) 896-6301
5
reed@hbsslaw.com
jefff@hbsslaw.com
6
shanas@hbsslaw.com

7
HAGENS BERMAN SOBOL & SHAPIRO LLP
STEVE W. BERMAN
8
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
9
Telephone:  (206) 623-7292
Facsimile:  (206) 623-0594
10
Attorneys for Plaintiff
11
[Additional counsel listed on signature page.]

**MMC**

12
UNITED STATES DISTRICT COURT
13
NORTHERN DISTRICT OF CALIFORNIA

**C 07 2286**

14
LAURA YOUNG, on behalf of herself        )    No.
and all others similarly situated,              )
15
                                    Plaintiff,  )    CLASS ACTION COMPLAINT
    v.                                          )
16
                                                )
SAMSUNG ELECTRONICS CO., LTD.,                  )
17
SAMSUNG SEMICONDUCTOR, INC.;                    )
HYNIX SEMICONDUCTOR, INC.; HYNIX                )
18
SEMICONDUCTOR AMERICA, INC.;                    )
MICRON TECHNOLOGY, INC.; MICRON                 )
19
SEMICONDUCTOR PRODUCTS, INC.;                   )
RENESAS TECHNOLOGY CORPORATION;                 )
20
RENESAS TECHNOLOGY AMERICA,                     )
INC.; TOSHIBA CORPORATION; TOSHIBA              )
21
AMERICA CORPORATION; TOSHIBA                    )
AMERICA ELECTRONIC COMPONENTS,                  )
22
INC.; HITACHI, LTD.; HITACHI AMERICA,           )
LTD.; HITACHI ELECTRONIC DEVICES                )
23
(USA), INC.; MITSUBISHI ELECTRIC                )
CORPORATION; MITSUBISHI ELECTRIC &              )
24
ELECTRONICS USA, INC.; MOSEL VITELIC            )
CORPORATION; MOSEL VITELIC                      )
25
CORPORATION (USA); WINBOND                      )
ELECTRONICS CORPORATION; and                    )
26
WINBOND ELECTRONICS CORPORATION                 )
AMERICA,                                        )
27
                                                )
                                    Defendants.  )
28
────────────────────────────────── )    **JURY TRIAL DEMANDED**

CLASS ACTION COMPLAINT
– 1 –
C:\DOCUMENTS AND SETTINGS\WINKYC\DESKTOP\SAMSUNG\CLASS ACTION COMPLAINT.DOC

COPY

1    Plaintiff, by her undersigned attorneys, individually and on behalf of the class described

2    below, brings this action against Defendants for damages under the antitrust laws of the United

3    States. Plaintiff alleges that Defendants conspired to fix, raise, maintain, and stabilize the price of

4    flash memory sold in the United States during the relevant time period defined below. As a result

5    of Defendants' unlawful conduct, Plaintiff and members of the proposed Class paid higher prices

6    for flash memory than what they would have paid in a competitive market.

## NATURE OF THE CASE

7    1.    This lawsuit is brought as a class action on behalf of all individuals and entities that

9    purchased flash memory directly from Defendants, their predecessors or their controlled

10   subsidiaries and affiliates from at least January 1, 1999 to the present (the "Class Period").

11   Plaintiff alleges that during the Class Period, Defendants conspired to fix, raise, maintain, or

12   stabilize the prices of flash memory sold in the United States during the relevant time period

13   defined below.

14   2.    Flash memory is a type of integrated circuit that can be electrically erased and

15   reprogrammed. Flash memory is non-volatile, meaning that it does not need continuous power to

16   maintain the information stored or the chip. Flash memory is used in a variety of applications,

17   including memory cards, USB storage devices, digital audio devices, mobile wireless technology,

18   game consoles and personal computers. As used herein, the term "flash memory" means NAND

19   flash memory sold during the Class Period. For purposes of this Complaint, flash memory

20   excludes all types of static random access memory ("SRAM") or dynamic random access memory

21   ("DRAM") sold during the Class Period.

22   3.    Because of Defendants' unlawful conduct, Plaintiff and other Class members paid

23   artificially inflated prices for flash memory, as a result, have suffered antitrust injury to their

24   business or property.

## JURISDICTION AND VENUE

26   4.    This action is instituted under § 4 of the Clayton Act, to recover treble damages and

27   costs of suit, including reasonable attorneys' fees, against Defendants for the injuries sustained by

CLASS ACTION COMPLAINT

- 2 –

1  Plaintiff and the members of the Class by reason of the violations, as hereinafter alleged, of § 1 of

2  the Sherman Act.

3      5.    Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1337 and by § 4

4  of the Clayton Act, 15 U.S.C. § 15 and § 1 of the Sherman Act, 15 U.S.C. § 1.

5      6.    Venue is found in this district pursuant to §§ 15 and 22 of the Sherman Act, and 28

6  U.S.C. § 1391(b) and (c). Venue is proper in this judicial district because during the Class Period

7  one or more of the Defendants resided, transacted business, was found, or had agents in this

8  district, and because a substantial part of the events giving rise to Plaintiff's claims occurred, and a

9  substantial portion of the affected interstate trade and commerce described below has been carried

10  out in, this district.

11     7.    Upon information and belief, Defendants maintain offices, have agents, transact

12  business, or are found within this judicial district.

13     8.    This Court has in personam jurisdiction over each of the Defendants because, inter

14  alia, each Defendant: (a) transacted business in the United States; (b) directly or indirectly sold and

15  provided graphics processing units and cards throughout the United States; (c) had substantial

16  aggregate contacts with the United States as a whole; and/or (d) was engaged in an illegal price-

17  fixing conspiracy that was directed at, and had the intended effect of causing injury to, persons and

18  entities residing in, located in, or doing business throughout the United States, including in this

19  district. Alternatively, there is jurisdiction over foreign Defendants pursuant to Federal Rule of

20  Civil Procedure 4(k)(2).

21                              **THE PARTIES**

22     9.    Plaintiff Laura Young, a resident of Illinois, directly purchased flash memory from

23  one or more of the Defendants during the Class Period and was injured as a result of Defendants'

24  illegal conduct. The price that Plaintiff paid to Defendants or their co-conspirators was greater

25  than it would have been absent the conspiracy herein alleged. As a result of the alleged conspiracy,

26  Plaintiff was injured in her business and property by reason of the antitrust violations alleged

27  herein. Plaintiff asserts a claim on behalf of itself and all direct purchasers of flash memory from

28  one or more of the Defendants during the Class Period.

CLASS ACTION COMPLAINT

C:\DOCUMENTS AND SETTINGS\WINKYC\DESKTOP\SAMSUNG\CLASS ACTION COMPLAINT.DOC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10.    Defendant Samsung Electronics Co. Ltd. is a business entity organized under the laws of South Korea, with its principal place of business at Samsung Main Building 250-2 ga, Taepyung-ro Chung-gu, Seoul, Korea. During the time period covered by this Complaint, Defendant Samsung Electronics Co. Ltd. manufactured, sold and distributed Flash Memory to customers throughout the United States.

11.    Defendant Samsung Semiconductor, Inc. is a wholly owned and controlled subsidiary of defendant Samsung Electronics Co. Ltd. with its principal place of business at 3655 North First Street, San Jose, California 95134. During the time period covered by this Complaint, Defendant Samsung Semiconductor, Inc. sold and distributed Flash Memory to customers throughout the United States. Samsung Electronics Co. Ltd., and Samsung Semiconductor, Inc. are referred to collectively herein as "Samsung."

12.    Defendant Hynix Semiconductor, Inc. is a business entity organized under the laws of South Korea, with its principal place of business at SAN 136-1, Ami-Ri Bubal-eub, Ichon-si, Kyongki-do, Korea. During the time period covered by this Complaint, Defendant Hynix Semiconductor, Inc. manufactured, sold and distributed Flash Memory to customers throughout the United States.

13.    Defendant Hynix Semiconductor America, Inc. is a wholly owned and controlled subsidiary of Defendant Hynix Semiconductor, Inc. with its principal place of business at 3101 North First Street, San Jose, California 95134. During the time period covered by this Complaint, Defendant Hynix Semiconductor America, Inc. sold and distributed Flash Memory to customers throughout the United States. Hynix Semiconductor, Inc. and Hynix Semiconductor America, Inc. are referred to collectively herein as "Hynix."

14.    Defendant Micron Technology, Inc. is a Delaware Corporation with its principal place of business at 8000 South Federal Way, Boise, Idaho. During the time period covered by this Complaint, Defendant Micron Technology, Inc. manufactured, sold and distributed Flash Memory throughout the United States.

15.    Defendant Micron Semiconductor Products, Inc. is a wholly owned and controlled subsidiary of Defendant Micron Technology, Inc. with its principal place of business at 8000 South

CLASS ACTION COMPLAINT

1    Federal Way, Boise, Idaho 83716. During the time period covered by this Complaint, Defendant

2    Micron Semiconductor Products, Inc. sold and distributed Flash Memory to customers throughout

3    the United States.

4       16. Defendant Renesas Technology Corporation is a business entity organized under the

5    laws of Japan with its principal place of business at Marunouchi Building, 4-1, Marunouchi 2-

6    chome, Chiyoda-ku Tokyo 100-6334, Japan. Renasas Technology Corporation was established on

7    or about April 1, 2003 as a joint venture of Hitachi and Mitsubishi. During the time period covered

8    by this Complaint, Defendant Resesas Technology Corporation sold and distributed Flash Memory

9    to customers throughout the United States.

10       17. Defendant Renesas Technology America, Inc. is a wholly owned and controlled

11    subsidiary of Renesas Technology Corporation with its principal place of business at 450 Holger

12    Way, San Jose, California, 95134-1368. During the time period covered by this Complaint,

13    Defendant Renesas Technology America, Inc. sold and distributed Flash Memory to customers

14    throughout the United States. Defendants Renesas Technology Corporation and Renesas

15    Technology America, Inc. are referred to collectively herein as "Renesas."

16       18. Defendant Toshiba Corporation is a business entity organized under the laws of

17    Japan, having its principal place of business at 1-1, Shibaura 1-chome, Minato-ku, Tokyo 105-

18    Japan. During the time period covered by this Complaint, Defendant Toshiba Corporation

19    manufactured, sold and distributed Flash Memory to customers throughout the United States.

20       19. Defendant Toshiba America Corporation is a wholly owned and controlled

21    subsidiary of Toshiba Corporation with its principal place of business at 1251 Avenue of the

22    Americas, Suite 4110, New York, New York, 10020. During the time period covered by this

23    Complaint, Defendant Toshiba America Corporation manufactured, sold and distributed Flash

24    Memory to customers throughout the United States.

25       20. Defendant Toshiba America Electronic Components, Inc. is a wholly owned and

26    controlled subsidiary of Toshiba Corporation with its principal place of business located at 19900

27    MacArthur Boulevard Suite 400, Irvine, California 92612. During the time covered by this

28    Complaint, Defendant Toshiba America Electronic Components, Inc. sold and distributed Flash

CLASS ACTION COMPLAINT

Memory to customers throughout the United States. Toshiba Corporation, Toshiba America Corporation, and Toshiba America Electronic Components, Inc. are referred to collectively herein as "Toshiba."

21.   Defendant Hitachi, Ltd. is a business entity organized under the laws of Japan, with its principal place of business at 6-1 Marunouchi Center Building 13F Chiyodaku, Tokyo, 100-8220, Japan. During the Class Period, Hitachi, Ltd. sold and distributed Flash Memory to customers throughout the United States.

22.   Defendant Hitachi America, Ltd. is a wholly owned and controlled subsidiary of defendant Hitachi, Ltd. Hitachi America, Ltd. is a business entity organized under the laws of New York, with its principal place of business at 50 Prospect Avenue, Tarrytown, New York, 10591. During the Class Period, Hitachi America, Ltd. sold and distributed Flash Memory to customers throughout the United States.

23.   Defendant Hitachi Electronic Devices (USA), Inc. is a wholly owned and controlled subsidiary of Defendant Hitachi, Ltd., and is a business entity with its principal place of business located at 575 Mauldin Road, Greenville, South Carolina 29607. During the Class Period, Hitachi Electronic Devices (USA), Inc. sold and distributed Flash Memory to customers throughout the United States. Defendants Hitachi, Ltd., Hitachi America, Ltd. and Hitachi Electronic Devices (USA), Inc. are referred to collectively herein as "Hitachi."

24.   Defendant Mitsubishi Electric Corporation is a business entity organized under the laws of Japan, with its principal place of business located at Tokyo Building 2-7-3, Marunouchi, Chiyoda-ku, Tokyo 100-8310, Japan. During the time covered by this Complaint, Defendant Mitsubishi Electric Corporation sold and distributed Flash Memory to customers throughout the United States.

25.   Defendant Mitsubishi Electric & Electronics USA, Inc. is a wholly owned and controlled subsidiary of Mitsubishi Electric Corporation. Defendant Mitsubishi Electric & Electronics USA, Inc. is a business entity organized under the laws of Delaware, with its principal place of business located at 500 Corporate Woods Parkway, Vernon Hills, Illinois 60061. During the time covered by this Complaint, Defendant Mitsubishi Electric & Electronics USA, Inc. sold

CLASS ACTION COMPLAINT

1  and distributed Flash Memory to customers throughout the United States.  Mitsubishi Electric

2  Corporation and Mitsubishi Electric & Electronics USA, Inc. are referred to collectively herein as

3  "Mitsubishi."

4        26.     Defendant Mosel Vitelic Corporation maintains its headquarters at No. 19 Li Hsin

5  Road, Hsinchu Science Based Industrial Park, Hsinchu, Taiwan.  During the time covered by this

6  Complaint, Defendant Mosel Vitelic Corporation sold and distributed Flash Memory to customers

7  throughout the United States.

8        27.     Defendant Mosel Vitelic Corporation (USA) is a wholly owned and controlled

9  subsidiary of Mosel Vitelic Corporation.  Defendant Mosel Vitelic Corporation (USA) is a

10  California corporation, with its principal place of business located at 3910 North First Street, San

11  Jose, California 95134.  During the time covered by this Complaint, Defendant Mosel Vitelic

12  Corporation (USA) sold and distributed Flash Memory to customers throughout the United States.

13  Mosel Vitelic Corporation and Mosel Vitelic Corporation (USA) are referred to collectively herein

14  as "Mosel Vitelic."

15        28.     Defendant Winbond Electronics Corporation maintains its headquarters at 4,

16  Creation Road, 111, Science Based Industrial Park, Hsinchu, Taiwan.  During the time covered by

17  this Complaint, Defendant Winbond Electronics Corporation sold and distributed Flash Memory to

18  customers throughout the United States.

19        29.     Defendant Winbond Electronics Corporation America is a wholly owned and

20  controlled subsidiary of Winbond Electronics Corporation.  Defendant Winbond Electronics

21  Corporation America is a Delaware corporation, with its principal place of business at 2727 North

22  First Street, San Jose, California 95134.  During the time covered by this Complaint, Defendant

23  Winbond Electronics Corporation America sold and distributed Flash Memory to customers

24  throughout the United States.  Winbond Electronics Corporation and Winbond Electronics

25  Corporation America are referred to collectively herein as "Winbond."

26        30.     Various others, presently unknown to Plaintiff, participated as co-conspirators with

27  the Defendants in the violations of law alleged in this Complaint and have engaged in conduct and

28  made statements in furtherance thereof.

CLASS ACTION COMPLAINT
C:\DOCUMENTS AND SETTINGS\WINKYC\DESKTOP\SAMSUNG\CLASS ACTION COMPLAINT.DOC

1   31.    The acts charged in this Complaint have been done by Defendants and their co-
2   conspirators, or were authorized, ordered or done by their respective officers, agents, employees or
3   representatives while actively engaged in the management of each Defendant's business or affairs.

4   32.    Each of the Defendants named herein acted as the agent or joint venturer of or for
5   the other Defendants with respect to the acts, violations and common course of conduct alleged
6   herein.  Each Defendant which is a subsidiary of a foreign parent acts as the sole United States
7   agent for SRAM made by its parent company.

## CLASS ACTION ALLEGATIONS

9   33.    Plaintiff brings this action on behalf of itself and all others similarly situated (the
10  "Class") pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3).  The Class is defined as
11  follows:

> All persons and entities who, during the period January 1, 1999 to the present, purchased flash memory in the United States directly from Defendants or any subsidiaries or affiliated thereof.  Excluded from the Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, and all governmental entities.

15  34.    Plaintiff does not know the exact size of the Class, since such information is in the
16  exclusive control of the Defendants.  Due to the nature of the trade and commerce involved,
17  however, Plaintiff believes that the Class includes thousands of flash memory purchasers and is so
18  numerous and geographically dispersed throughout the United States as to render joiner of all Class
19  members impracticable.

20  35.    There are questions of law and fact common to the Class.  These common questions
21  relate to the existence of the conspiracy alleged, and to the type and common pattern of injury
22  sustained as a result thereof.  The questions include but are not limited to:

23        a.    Whether Defendants and their co-conspirators engaged in a combination and
24  conspiracy among themselves to fix, raise, maintain or stabilize prices of flash memory sold in the
25  United States;

26        b.    The identity of the participants in the conspiracy;

27

28

CLASS ACTION COMPLAINT

C:\DOCUMENTS AND SETTINGS\WINKYC\DESKTOP\SAMSUNG\CLASS ACTION COMPLAINT.DOC

1

2

3
c.    The duration of the conspiracy alleged in this Complaint and the nature and character of the acts performed by Defendants and their co-conspirators in furtherance of the conspiracy;

4

5
d.    Whether Defendants undertook actions to conceal the unlawful conspiracy, contract or combination described herein;

6

7

8
e.    Whether the conduct of Defendants and their co-conspirators, as alleged in this Complaint, caused injury to the business and property of Plaintiff and other members of the Class;

9

10
f.    The effect of Defendants' conspiracy on the prices of flash memory sold in the United States during the Class Period; and

11

12
g.    The appropriate measure of damages sustained by Plaintiff and other members of the Class.

13

14

15

16

17

18
36.    Plaintiff is a member of the Class. Plaintiff's claims are typical of the claims of other Class members, and Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff is a direct purchaser of Flash memory from one or more of the Defendants. Plaintiff's interests are aligned with, and not antagonistic to, those of the other members of the Class. In addition, Plaintiff is represented by competent counsel experienced in the prosecution of antitrust and class action litigation.

19

20

21
37.    The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for Defendants.

22

23
38.    Defendants have acted, and refused to act, on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

24

25

26
39.    The questions of law and fact common to the members of the Class predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

27

28
40.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The Class is readily definable and is one for which records exist

CLASS ACTION COMPLAINT

1  in the files of Defendants and their co-conspirators. Prosecution as a class action will eliminate the

2  possibility of repetitious litigation. Treatment as a class action will permit a large number of

3  similarly situated persons to adjudicate their common claims in a single forum simultaneously,

4  efficiently and without duplication of effort and expense that numerous individual actions would

5  engender. Class treatment will also permit the adjudication of relatively small claims by many

6  class members who otherwise could not afford to litigate an antitrust claim such as is asserted in

7  this Complaint. This class action presents no difficulties of management that would preclude its

8  maintenance as a class action.

9  ## TRADE AND COMMERCE

10  41.    During the relevant time period, Defendants collectively controlled a significant

11  share of the market for Flash memory, both globally and in the United States.

12  42.    Each of the Defendants and their co-conspirators used instrumentalities of interstate

13  and/or foreign commerce to sell and market Flash memory.

14  43.    The business activities of the Defendants substantially affected interstate trade and

15  commerce.

16  ## FACTUAL ALLEGATIONS

17  44.    The market for the manufacture and sale of Flash memory is subject to high

18  manufacturing and technological barriers to entry. Efficient manufacturing plants are large and

19  costly. Flash memory is also subject to technological advances, so that firms within the industry

20  must undertake significant research and development expenses.

21  45.    Flash Memory is distinct from other types of memory, such as SRAM and DRAM,

22  because it does not need continuous power in order to store data. As a result, flash memory has a

23  broader application, particularly with respect to memory cards, storage devices and portable

24  electronic products.

25  46.    Furthermore, flash memory costs less than competing technologies to produce, and

26  it has therefore become the dominant technology for product that required a significant amount of

27  non-volatile data storage.

28

CLASS ACTION COMPLAINT

C:\DOCUMENTS AND SETTINGS\WINKYC\DESKTOP\SAMSUNG\CLASS ACTION COMPLAINT.DOC

47.    Flash Memory is a homogenous product sold by Defendants and purchased by Plaintiff and members of the class primarily on the basis of price.

48.    The market for the manufacture and sale of Flash Memory is conducive to the type of collusive activity alleged here.

49.    The Flash Memory market is oligopolistic in nature.  Samsung is the clear market leader, and the five largest manufacturers have controlled over 96.5% of the Flash Memory market. According to the 2006 "Memory Market Backgrounder" available at its website, the shares of the leading Flash Memory manufacturers in 2005 were as follows:

> Samsung 52.9%
> Toshiba 21.9%
> Hynix 12.7%
> Renesas 6.8%
> Micron 2.2%

50.    On information and belief, in October 2006, the Antitrust Division of the United States Department of Justice ("DOJ") sent out subpoenas to 23 companies in connection with an investigation of cartel activity in the SRAM industry from approximately 1998 through at least 2005.  Those companies include:  Samsung, Hynix, Micron, Renesas and Toshiba. A DOJ spokesperson was quoted as saying:  "[t]he U.S. Department of Justice's antitrust division is conducting an investigation regarding anti-competitive practices against chief SRAM manufacturers."  Two of these companies – Hynix and Samsung – have already pled guilty to price-fixing in the DRAM market and have paid substantial fines to the DOJ for that unlawful activity ($300 million for Samsung and $185 million for Hynix).  Further, Elpida Memory, Inc., a DRAM manufacturer created in part by Hitachi, one of the Defendants here, was fined $84 million. Micron, another major Flash Memory manufacturer, was the amnesty applicant to the U.S. Department of Justice in the DRAM price-fixing investigation and therefore avoided criminal charges and fines.

51.    On March 20, 2006, Hynix warned investors that the prices of NAND flash memory could fall as much as 50% for the year.  The very next day, Samsung reassured the market that prices would recover and stabilize.  As of August 2006, prices reportedly stabilized, in part, as a

1    result of reduced stocks from manufacturers. "Apple to spur NAND Flash Market, firm says,"

2    *Electronic News*, August 9, 2006.

3        52.    One commentator noted the pervasiveness of cartel activity among the Defendants

4    and others within the overall semiconductor industry: "'If the DOJ wanted to, it could just go

5    down every line in the semiconductor industry and find the same issue,' said Gartner Inc. analyst

6    Richard Gordon. 'That's because there are a relatively few number of suppliers in the chip

7    industry and an open flow of communication between competitors and customers, who may not

8    define price fixing the same way the DOJ does,' he said." (http://www.computerworld.com/

9    action/article.do?command=viewArticleBasic&taxonomyName=government&articleId=900556&t

10   axonomyId=13&intsrc=kc_top).

11       53.    Third-party information sources, such as DRAMeXchange (found at

12   http://www.dramexchange.com), allow Defendants to contemporaneously track each other's Flash

13   Memory prices.

14       54.    Collusive behavior within the highly concentrated Flash Memory market is

15   facilitated by membership of Defendants in the numerous trade organizations within the industry.

16   All of the Defendants are members of the Joint Electron Device Engineering Council ("JEDEC")

17   Solid State Technology Association, a standard-setting group for solid-state technologies, such as

18   Flash Memory. Hynix and Micron are among the founding members of the Open NAND Flash

19   Interface ("ONFI") group, whose purpose is to meet and discuss standards and production of

20   NAND Flash products. The ONFI group has also been in talks with Samsung with the aim of

21   having Samsung join as a member.

22       55.    Defendants and their co-conspirators have engaged in a contract, combination, trust

23   or conspiracy, the effect of which was to raise the prices at which they sold Flash Memory to

24   artificially inflated levels.

25       56.    Defendants, through their officers, directors and employees, effectuated the

26   aforesaid contract, combination, trust or conspiracy between themselves and their coconspirators

27   by, among other things:

28

CLASS ACTION COMPLAINT

C:\DOCUMENTS AND SETTINGS\WINKYC\DESKTOP\SAMSUNG\CLASS ACTION COMPLAINT.DOC

1
2

       a.     Participating in meetings and conversations, including through various trade associations and committees, to discuss the prices of Flash Memory in the United States;

3
4
5

       b.     Agreeing, during those meetings and conversations, to charge prices at specified levels and otherwise to increase and maintain prices of Flash Memory sold in the United States;

6
7

       c.     Issuing price announcements and quotations in accordance with the agreements reached; and

8
9

       d.     Selling Flash Memory to various customers in the United States at noncompetitive prices.

10
11
12
13
14

57.     While average Flash Memory prices began to decline somewhat at the end of 2001, the cartel created by Defendants operated to mitigate those declines so that prices were still at supracompetitive levels.  Price declines likewise occurred in the DRAM market during the conspiracy period involved in that case.  Defendants' collusive activity still continues and has had the effect of keeping prices at supracompetitive levels.

15

**FRAUDULENT CONCEALMENT**

16
17
18
19
20
21
22
23
24
25

58.     Throughout and beyond the conspiracy, Defendants and their co-conspirators affirmatively and actively concealed their unlawful conduct from Plaintiff.  Defendants and their co-conspirators conducted their conspiracy in secret and kept it mostly within the confines of their higher-level executives.  Defendants and their co-conspirators publicly provided pre-textual and false justifications regarding their price increases.  Defendants and their co-conspirators conducted their conspiracy in secret, concealed the true nature of their unlawful conduct and acts in furtherance thereof, and actively concealed their activities through various other means and methods to avoid detection.  Plaintiff did not discover, an could not have discovered through the exercise of reasonable diligence, that Defendants and their co-conspirators were violating the antitrust laws as alleged herein until shortly before this class action litigation was commenced.

26
27

59.     As a result of the active concealment of the conspiracy by Defendants and their co-conspirators entered into a continuing contract, combination or conspiracy to unreasonably restrain

28

CLASS ACTION COMPLAINT

C:\DOCUMENTS AND SETTINGS\WINKYC\DESKTOP\SAMSUNG\CLASS ACTION COMPLAINT.DOC

trade and commerce in violation of § 1 of the Sherman Act, 15 U.S.C. § 1 by artificially reducing or eliminating competition in the United States.

60.    In particular, Defendants have combined and conspired to raise, fix, maintain or stabilize the prices of Flash memory sold in the United States.

61.    As a result of Defendants' unlawful conduct, Flash memory prices were raised, fixed, maintained and stabilized in the United States.

62.    The contract, combination or conspiracy among Defendants consisted of a continuing agreement, understanding and concerted action among Defendants and their co-conspirators.

63.    For purposes of formulating and effectuating their contract, combination or conspiracy, defendants and their co-conspirators did those things they contracted, combined or conspired to do, including:

   a.    Participating in meetings and conversations to discuss the prices of Flash memory;

   b.    Agreeing to manipulate prices and supply of Flash memory in a manner that deprived direct purchasers of free and open competition;

   c.    Issuing price announcements and price quotations in accordance with the agreements reached;

   d.    Selling Flash memory to customers in the United States at non-competitive prices.

64.    As a result of Defendants' unlawful conduct, Plaintiff and the other members of the Class have been injured in their business and property in that they have paid more for Flash memory than they otherwise would have paid in the absence of Defendants' unlawful conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

   A.    That the Court determine that the Sherman Act claim alleged herein may be maintained as a class action under Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure;

CLASS ACTION COMPLAINT

C:\DOCUMENTS AND SETTINGS\WINKYC\DESKTOP\SAMSUNG\CLASS ACTION COMPLAINT.DOC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

B.    That the unlawful conduct, contract, conspiracy or combination alleged herein be adjudged and decreed to be a restraint of trade or commerce in violation of § 1 of the Sherman Act;

C.    That Plaintiff and the Class recover damages, as provided by federal antitrust laws, and that a joint and several judgment in favor of Plaintiff and the Class be entered against the Defendants in an amount to be trebled in accordance with such laws;

D.    That Defendants, their affiliates, successors, transferees, assignees, and the officers, directors, partners, agents, and employees thereof, and all other persons acting or claiming to act on their behalf, be permanently enjoined and restrained from in any manner:  (1) continuing, maintaining, or renewing the conduct, contract, conspiracy or combination alleged herein, or from entering into any other conspiracy alleged herein, or from entering into any other contract, conspiracy or combination having a similar purpose or effect, and from adopting or following any practice, plan, program, or device having a similar purpose or effect; and (2) communicating or causing to be communicated to any other person engaged in the sale of Flash Memory, information concerning bids of competitors.

E.    That Plaintiff and members of the Class be awarded pre- and post-judgment interest, and that that interest be awarded at the highest legal rate from and after the date of service of the initial complaint in this action;

F.    That Plaintiff and members of the Class recover their costs of this suit, including reasonable attorneys' fees as provided by law; and

G.    That Plaintiff and members of the Class have such other, further, and different relief as the case may require and the Court may deem just and proper under the circumstances.

CLASS ACTION COMPLAINT

- 15 –

C:\DOCUMENTS AND SETTINGS\WINKYC\DESKTOP\SAMSUNG\CLASS ACTION COMPLAINT.DOC

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury for all issues so triable.

DATED:  April 26, 2007.

HAGENS BERMAN SOBOL SHAPIRO LLP

By _____
                    Jeff Friedman
Attorneys for Plaintiff
HAGENS BERMAN SOBOL SHAPIRO
425 Second Street, Suite 500
San Francisco, CA  94107
Telephone:  (415) 896-6300
Facsimile:  (415) 896-6301

Steve W. Berman
HAGENS BERMAN SOBOL & SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone:  (206) 623-7292
Facsimile:  (206) 623-0594

Anthony D. Shapiro
HAGENS BERMAN SOBOL SHAPIRO
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Mark Reinhardt
Garrett D. Blanchfield, Jr.
REINHARDT WENDORF & BLANCHFIELD
E-1250 First National Bank Building
332 Minnesota Street
St. Paul, MN 55101
Telephone: (651) 287-2100
Facsimile: (651) 287-2103

Ilan Chorowsky
CHOROWSKY LAW OFFICES
Progressive Law Group LLC, Of Counsel
1130 N. Dearborn Street, Suite 3110
Chicago, IL 60610
Telephone: (312) 643-5893
Facsimile:  (312) 643-5894

CLASS ACTION COMPLAINT

C:\DOCUMENTS AND SETTINGS\WINKYC\DESKTOP\SAMSUNG\CLASS ACTION COMPLAINT.DOC

1

2       Michael D. Hausfeld
        COHEN, MILSTEIN, HAUSFELD &
3         TOLL, P.L.L.C.
        1100 New York Avenue, N.W.
4       Suite 500, West Tower
        Washington, D.C. 20005
5       Telephone: (202) 408-4600
        Facsimile: (202) 408-4699

6
        Steven A. Kanner
7       William H. London
        Douglas A. Millen
8       FREED KANNER LONDON & MILLEN LLC
        201 Waukegan Road, Suite 130
9       Bannockburn, IL 60015 USA
        Telephone: (224) 632-4500
10      Facsimile: (224) 632-4521

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

- 17 —